1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-0196-2 EJD (NC) |
| Plaintiff, | **DETENTION ORDER** |
| v. | Hearing: 5/27/2022 |
| VICTOR NEVAREZ, | |
| Defendant. | |

16   In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on May 27,

17   2022, held a detention or release hearing for defendant Victor Nevarez.  Nevarez is one of

18   four defendants charged in this case by Indictment for an alleged felony violation of

19   conspiracy to distribute and possess with intent to distribute a controlled substance (more

20   than 5 grams of methamphetamine), in violation of 21 U.S.C. §§ 846 and 841(a)(1) and

21   (b)(1)(B). The defendant appeared at the hearing (held in person in the courthouse) with his

22   counsel, Jay Rorty, assisted by a Spanish-language interpreter, after being advised of the

23   charge and of his rights.  Nevarez has entered a not guilty plea and is presumed innocent of

24   the charge.  This order does not constitute evidence of the defendant's guilt.

25   The Court considered a pre-bail report dated May 26, 2022, from the Pretrial

26   Services Department.  Pretrial recommended detention based on a risk of non-appearance,

27   but noted concern for needed medical care for Nevarez, who reported a need for dialysis.

28   Under 18 U.S.C. § 3142(e)(3)(A), there is a rebuttable presumption of detention in

1  this case because of the charge in the indictment (a Controlled Substances Act offense with

2  a maximum term of imprisonment of ten years or more).  Based on the information

3  presented to the Court and considering all the factors required under the Bail Reform Act,

4  the Court determines that Nevarez has not rebutted this presumption; additionally, the

5  prosecution has shown by more than a preponderance of the evidence that Nevarez presents

6  a risk of nonappearance and that no combination of conditions can reasonably mitigate that

7  risk.  That danger is evidenced by the defendant's criminal record; significant family and

8  financial ties to Mexico and comparatively fewer ties to this community; and the weight of

9  the proffered evidence in this case and the defendant's alleged role in the charged

10 conspiracy.  Significantly, the prosecution asserted that five kilograms of methamphetamine

11 and $80,000 in cash was seized from defendant's home at the time of arrest.  As to danger

12 to the community, the Court finds that a combination of strict conditions could be imposed

13 to mitigate the risk.  Detention is based on risk of nonappearance.

14      The Court is concerned by the health risks posed to Nevarez from being in custody.

15 That is why a follow-up appearance is scheduled for June 13 at 1:30 p.m. before Magistrate

16 Judge van Keulen.

17      The defendant is committed to the custody of the Attorney General or his designated

18 representative for confinement in a corrections facility separate, to the extent practicable,

19 from persons awaiting or serving sentences or being held in custody pending appeal.  The

20 defendant must be afforded a reasonable opportunity for private consultation with defense

21 counsel.  On order of a court of the United States or on the request of an attorney for the

22 Government, the person in charge of the corrections facility must deliver the defendant to a

23 United States Marshal for the purpose of an appearance in connection with a court

24 proceeding.

25      IT IS SO ORDERED.

26      Date: May 27, 2022

27                                          Nathanael M. Cousins
                                            United States Magistrate Judge

28

2